■ ROBERT E. SMITH, JR., et al., Appellants, v COUNTY OF LIVINGSTON, Defendant, and VILLAGE OF AVON et al., Respondents. (Appeal No. 1.)—

Order unanimously affirmed, without costs. Memorandum: The plaintiffs appeal from orders dismissing their complaints which alleged false imprisonment, malicious prosecution, prima facie tort, conspiracy and deprivation of constitutional rights. Plaintiffs were indicted by a Livingston County Grand Jury accusing them of endangering the welfare of a child in violation of subdivision 1 of section 260.10 of the Penal Law. The indictment was the aftermath of a birthday and slumber party sponsored by plaintiffs on behalf of their young daughter. It charged that seven girls under age 17 were served beer while at plaintiffs' residence. The record indicates that any consumption of beer by the girls was without the permission, consent or knowledge of the plaintiffs. A motion on behalf of the plaintiffs to dismiss the indictment was granted in a memorandum decision declaring the indictment incurably defective. The Court of Appeals has spelled out the elements of a cause of action in false imprisonment and one for malicious prosecution *(Broughton v State of New York,* 37 NY2d 451). Plaintiffs were arrested pursuant to warrants issued to the Livingston County Sheriff which directed the Sheriff to bring them before the County Court. An unlawful detention gives rise to a cause of action for false imprisonment, except where the confinement was by arrest under a valid process issued by a court having jurisdiction *(Broughton v State of New York, supra).* The Smith indictment was dismissed as being defective within CPL 210.25 (subd 1) because it failed to contain a plain or concise factual statement asserting facts supporting every element of the offense charged (CPL 200.50, subd 7). Such a defect is jurisdictional *(People v Russo,* 57 AD2d 578) and cannot be cured by amendment (CPL 200.70, subd 2, par [b]). This is not the type of a defect, however, which mandates a finding that the court lacked jurisdiction within the meaning of the tort of false imprisonment. The court had jurisdiction of the person and charge *(Casler v State of New York,* 33 AD2d 305). Since there was an alleged unlawful arrest effected by a warrant, the appropriate form of action was for malicious prosecution not false imprisonment *(Broughton v State of New York, supra,* pp 456-458). The elements of malicious prosecution are (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff; (2) the termination of the proceeding in favor of the accused; (3) the absence of probable cause for the criminal proceeding; and (4) actual malice *(Broughton v State of New York, supra,* p 457). The pleading for malicious prosecution must contain a plain and concise statement of the material facts upon which the party relies *(Berger v American Nat. Fire Ins. Co.,* 279 App Div 335); general allegations are insufficient. Where there is an indictment, there is a presumption of probable cause. The complaint must therefore allege specific facts to overcome the effect of the indictment. Plaintiffs' complaint is couched in general terms, does not overcome the presumption, and does not set forth facts to establish malice. The cause of action for malicious prosecution was, therefore, properly dismissed *(Ashlaw v Racquette Riv. Paper Co.,* 1 AD2d 69, affd 2 NY2d 744). The key to prima facie tort is the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful *(ATI, Inc. v Ruder & Finn,* 42 NY2d 454). Malice is an essential element of prima facie tort and where the complaint fails to allege facts sufficient to support a claim of malice or ill will, it is subject to be dismissed *(John C. Supermarket, Inc. v New York Prop. Ins. Underwriting Assn.,* 60 AD2d 807). The allegations in the Smith complaint are conclusory in nature and therefore insufficient to support a cause of action for prima facie tort. It has recently been determined that municipalities and other local government units including a

county are intended to be included among those persons to whom the Civil Rights Act (US Code, tit 42, § 1983) applies *(Monell v New York City Dept. of Social Servs.,* 430 US 658, 691). However, a local government may not be sued for an injury inflicted solely by its employee. Section 1983 did not intend that a county be held liable unless the action pursuant to official policy caused a constitutional tort. A municipality therefore cannot be held liable under section 1983 on a *respondeat superior* theory *(Monell v New York City Dept. of Social Servs., supra,* p 691). Accordingly the county and village clearly should not be defendants in this cause of action. Section 1983 was never intended to be used as a whip to discipline local law enforcement officers (14 CJS, Civil Rights, § 144 [supp]; see Comment, 46 Col L Rev 614). Where the interest sought to be vindicated is not encompassed within section 1983, the plaintiff must resort to traditional State legal remedies *(Paul v Davis,* 424 US 693). The cause of action against the police officers under section 1983 was properly dismissed *(Brody v Leamy,* 90 Misc 2d 1). The cause of action for a conspiracy to violate civil rights has been withdrawn on appeal. Accordingly the orders granting the motions to dismiss are affirmed. (Appeal from order of Monroe Supreme Court—dismiss complaint.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.