■ EDWARD H. PHILLIPS, JR., Appellant-Respondent, v CITY OF SYRACUSE, Respondent-Appellant, et al., Defendants. (Appeal No. 2.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff, Edward Phillips, instituted this action against several named defendants based mainly upon negligence, false imprisonment and malicious prosecution. The action stems from plaintiff's arrest and extradition for a crime committed by his brother, Jesse Phillips, who identified himself as Edward Phillips. Several motions and cross motions were brought by plaintiff and defendants resulting in numerous orders, one of which forms the basis of this appeal. Plaintiff and defendant City of Syracuse and its police department both appeal from an order granting defendant's motion to dismiss the complaint as to the first cause of action sounding in negligence; denying its motion as to the remaining causes of action and denying plaintiff's cross motion for partial summary judgment. We affirm that part of the order dismissing the first cause of action and dismissing plaintiff's cross motion and modify the order so as to dismiss the complaint in its entirety as against the City of Syracuse and its police department. The false imprisonment and malicious prosecution actions should be dismissed against this defendant. Since the arrest was pursuant to a warrant, the proper action is for malicious prosecution; the false imprisonment action must be dismissed (Smith v County of Livingston, 69 AD2d 993). However, the action for malicious prosecution must also be dismissed because plaintiff has failed to specifically allege malice. It is firmly established that general allegations are insufficient to state a cause of action for malicious prosecution where the fact of an indictment appears in the complaint itself, raising the presumption of probable cause (Smith v County of Livingston supra; Ashlaw v Racquette Riv. Paper Co., 1 AD2d 69, affd 2 NY2d 744). Specific facts evidencing malice must be alleged to overcome the effect of the indictment (Smith v County of Livingston, supra). Plaintiff has failed to specifically allege any facts which would evidence malice on the part of the City of Syracuse and its police department. The conclusory allegation that plaintiff instituted a criminal proceeding against him "maliciously and without probable cause *** although the arrest and incarceration was pursuant to an indictment and warrant", is insufficient to support a charge of malicious prosecution where an indictment appears on the face of the complaint. Plaintiff failed to allege any facts that would tend to demonstrate that the defendant city and its police department acted with improper motives (see Nardelli v Stamberg, 44 NY2d 500). (Appeal from order of Onondaga Supreme Court, Stone, J. — dismiss complaint — partial summary judgment.) Present — Simons, J.P., Callahan, Denman, Moule and Schnepp, JJ.