■ PATRICK J. MONAGHAN, JR., Respondent, v LILY WANG et al., Defendants, and TSE ZUNG YAO, Appellant. — Order, Supreme Court, New York County (Pecora, J.), entered April 15, 1981, reversed, to the extent appealed from, on the law and the facts, the motion of defendant-appellant to dismiss plaintiff's causes of action for libel and prima facie tort granted, and the cross motion of plaintiff-respondent to amend the complaint by addition thereto of a cause of action alleging liability on the part of defendant-appellant Yao for conduct of defendant Wang on the ground of *respondeat superior* denied, with costs. The suit is by an attorney who, as the employee of the law firm, was instrumental in the successful prosecution of a suit in behalf of defendant-appellant herein against a brokerage house. Assistance was rendered in that case to the plaintiffs therein by one Lily Wang, an interpreter and paralegal, a nonappealing defendant herein. After conclusion of the suit against the brokers, appellant refused to pay the lawyers, the client contending that the degree of success in the lawsuit was less than satisfactory. In the proceeding that ensued in Federal court to enforce the lien of the attorneys, the clients unsuccessfully opposed, making certain accusations against the lawyers, possibly false, though certainly pertinent. On the basis of these accusations, plaintiff sued for libel and prima facie tort. Defendant moved without success to strike the libel cause, the claimed defamation being privileged by reason of pertinent utter-

ance in an ongoing judicial proceeding. These factors were demonstrably present, and the motion should have been granted. (*Martirano v Frost,* 25 NY2d 505, 507.) The motion should also have been granted as to the cause for prima facie tort, the requisite element of malice not having been demonstrated. (*Smith v County of Livingston,* 69 AD2d 993, 994.) Plaintiff-respondent herein moved successfully for permission to amend his complaint to add an additional cause against defendant-appellant based on Wang's conduct, attributable to defendant-appellant on the ground of *respondeat superior.* But the requisite relationship for such a vicarious result is not demonstrated, the dominant party having been Wang, the paralegal, who instructed defendant-appellant, ignorant of matters legal, knowing no English, and carrying out Wang's every instruction. This actually is the core of plaintiff's factual presentation of the roles of the parties, corroborated by plaintiff-respondent's argument that Wang was dominant over defendant-appellant, and illegally practiced law in the process. The motion should have been denied. Concur — Ross, J. P., Markewich, Lupiano and Bloom, JJ.