■ KENNETH DOLES, Appellant, v CITY OF NEW YORK et al., Respondents. — In an action to recover damages for false arrest, false imprisonment, malicious prosecution and deprivation of civil rights, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated July 20, 1981, as, upon granting the motion of defendant Herrman and the cross motions of the defendant City of New York to dismiss the complaint, dismissed the cause of action for malicious prosecution. Order affirmed, insofar as appealed from, with $50 costs and disbursements. Special Term dismissed plaintiff's complaint on the ground that the causes of action asserted therein were time barred by the appropriate Statutes of Limitation. Now, on appeal, the defendant City of New York concedes that insofar as the complaint attempts to allege a cause of action for malicious prosecution, the action was timely commenced against it. The city argues, however, that to the extent that the order under review dismissed that claim, it should nonetheless be affirmed on the basis of an alternative argument submitted to Special Term, namely, that the complaint fails to state a cause of action for malicious prosecution (CPLR 3211, subd [a], par 7). We agree. In order to state a cause of action for malicious prosecution, a plaintiff must allege (1) the commencement of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused plaintiff, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice on the part of the defendant in commencing the criminal proceeding (*Broughton v State of New York,* 37 NY2d 451, cert den *sub nom. Schanbarger v Kellogg,* 423 US 929). The first two elements are not contested. However, as to the third

element, the lack of probable cause, plaintiff's indictment following his arrest established, prima facie, the existence of probable cause (*Lee v City of Mount Vernon,* 49 NY2d 1041). Plaintiff's complaint fails to allege the existence of any additional facts indicating that the indictment was procured through fraud, perjury or suppression of evidence (see *Lee v City of Mount Vernon, supra; Langley v City of New York,* 34 NY2d 885). Therefore, the complaint on its face, by admitting the existence of the indictment, without more, negates an essential element of the cause of action for malicious prosecution, i.e., lack of probable cause for the prosecution (cf. *Scaccia v Mack Trucks,* 83 AD2d 903). Therefore, we need not address the fourth element, actual malice. Accordingly, to the extent that the complaint purportedly asserted a cause of action for malicious prosecution, it was properly dismissed. Gulotta, J. P., O'Connor, Brown and Boyers, JJ., concur.