John McSORLEY, Plaintiff,

v.

CONSOLIDATED RAIL CORP.,
Defendant.

No. 83 Civ. 5388 (RLC).

United States District Court,
S.D. New York.

March 7, 1984.

Peter M.J. Reilly, Islip, N.Y., for plaintiff; Donald E. Lampson, Jamaica, N.Y., of counsel.

Gallop, Dawson, Kimelman & Clayman, New York City, for defendant; Steven Kimelman, Scott Nigro, New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

On July 31, 1980, a passenger train which plaintiff was operating collided with an empty train in the station at Croton-on-Hudson, New York. Plaintiff alleges that at defendant's behest he was arrested and charged with the felonies of reckless endangerment and assault as a result of this incident. In November, 1980, a grand jury returned an information against defendant, reducing the charges to misdemeanors. Some two years later, the prosecution was discontinued, apparently because of a violation of plaintiff's right to a speedy trial.

The first two counts of plaintiff's complaint allege common law false arrest and malicious prosecution. The Court's jurisdiction is based on diversity of citizenship. Count three restates the facts alleged in the first counts and purports to state a cause of action under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* Plaintiff demands judgment for $1 million on each count and $5 million in punitive damages. Defendant moves to dismiss the complaint on the grounds that the false arrest claim is barred by the statute of limitations and that the other counts fail to state claims upon which relief can be granted. F.R.Civ.P. 12(b)(6).

*False Arrest*

Plaintiff's cause of action for false arrest accrued when he was released from confinement. *Boose v. City of Rochester,* 71 A.D.2d 59, 421 N.Y.S.2d 740, 746 (4th Dep't. 1979). He alleges that he was detained "for several hours" on July 31, 1980. Complaint ¶ 11. Thus, under New York's one year statute of limitations, NYCPLR 215(3), this action was time-barred almost two years before its commencement on July 20, 1983. Plaintiff has not suggested that the statute of limitations was tolled or that it would be inequitable to allow defendant to assert the statute as a defense. Plaintiff's false arrest claim must, therefore, be dismissed.

*Malicious Prosecution*

To make out a case of malicious prosecution, plaintiff must prove, *inter alia,* the absence of probable cause for the criminal proceeding. *Martin v. City of Albany,* 42 N.Y.2d 13, 396 N.Y.S.2d 612, 614, 364 N.E.2d 1304, 1306 (1977). Where, as here, a grand jury returned an indictment or information against plaintiff, however, the existence of probable cause is *prima facie* established. *Doles v. City of New York,* 91 A.D.2d 1056, 458 N.Y.S.2d 664 (2d Dep't.1983). Under such circumstances, the plaintiff must plead facts which, if proved, would overcome the *prima facie* showing. Absent such allegations, the complaint, on its face, "negates an essential element of the cause of action," and under New York law should be dismissed. *Id.* 458 N.Y.S.2d at 665; *see also Phillips v. City of Syracuse,* 84 A.D.2d 957, 446 N.Y.S.2d 725 (4th Dep't. 1981) *aff'd* 57 N.Y.2d 996, 457 N.Y.S.2d 245, 443 N.E.2d 493 (1982); *Smith v. County of Livingston,* 69 A.D.2d 993, 416 N.Y.S.2d 130 (4th Dep't.1979). Plaintiff's complaint contains no facts indicating fraud, perjury or suppression of evidence in relation to the grand jury proceeding,

nor does it otherwise allege facts that demonstrate an absence of probable cause. Based on the authorities cited above, defendant argues that the claim should therefore be dismissed.

Although the Court is confident that a New York state court would grant defendant's motion, that is not dispositive. While the substantive law governing plaintiff's cause of action is New York law, the sufficiency of the pleadings must be evaluated under the Federal Rules of Civil Procedure. *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). As a matter of federal law, however, the Court finds that plaintiff fails to state a claim for malicious prosecution.

Even under the liberal pleading theory embodied in F.R.Civ.P. 8, the complaint must demonstrate that "the pleader is entitled to relief." In the context of a malicious prosecution claim, this requires that the elements of a lack of probable cause be pleaded. *Lopez v. Modisitt,* 488 F.Supp. 1169, 1173 (W.D.Mich.1980). Here, the only reference to probable cause in the complaint is plaintiff's assertion that he was *arrested* without probable cause. Complaint ¶ 5. While in conjunction with his assertion that defendant instigated the criminal prosecution "willfully and maliciously," Complaint ¶ 17, this might conceivably pass muster were there no reference to the grand jury proceeding in the complaint, *see McIver v. Russell,* 264 F.Supp. 22, 34 (D.Md.1967), in light of the *prima facie* evidence of probable cause contained in the complaint, more is required to apprise defendant adequately of the claim against him.

Defendant suggests that plaintiff has not pleaded a lack of probable cause for the prosecution because there are no facts in this case which could overcome the presumption raised by the grand jury information. Defendant contends that plaintiff should not be granted leave to replead. No such draconian measure is required. No evidence has yet been received in this case, and at this point there are no grounds for denying plaintiff an opportunity to submit a new pleading which more fully sets forth the elements of his cause of action. Thus, plaintiff may file an amended complaint which properly pleads a lack of probable cause for the criminal prosecution instituted against him, provided the amended complaint is filed no later than three weeks from the date of the filing of this opinion.

*Federal Employers' Liability Act*

F.E.L.A. renders a common carrier by railroad liable for the death of or injury to any of its employees which results from the negligence of the carrier's officers, agents or employees. 45 U.S.C. § 51. Defendant argues that allegations of false arrest and malicious prosecution do not state claims under F.E.L.A. because the conduct complained of is intentional, rather than negligent, and because it produces no physical injury.

It has been clear since *Jamison v. Encarnacion,* 281 U.S. 635, 50 S.Ct. 440, 74 L.Ed. 1082 (1930), that F.E.L.A.'s negligence standard is broad enough to encompass intentional conduct which causes physical injury. In *Jamison,* a foreman's unprovoked assault on a longshoreman, designed to increase the latter's productivity, was held to be negligent within the meaning of F.E.L.A. The Court wrote that it would be "unreasonable" to find that the same blow which if struck by mere "inadvertence or carelessness" would be actionable, should be beyond the statute's reach when delivered on purpose. 281 U.S. at 641, 50 S.Ct. at 442. *See also Lambert v. Morania Oil Tanker Corp.,* 677 F.2d 245 (2d Cir.1982). What is less certain is whether intentional conduct, such as false arrest or malicious prosecution, which by its nature does not cause physical injury, falls within the scope of the Act.

In *Forgione v. United States,* 202 F.2d 249 (3d Cir.1953), the Third Circuit ruled that the *Jamison* holding could not proper-

ly be extended to false arrest.[1] Unlike the assault in *Jamison,* the Court found false arrest to be "utterly unrelated to negligence." 202 F.2d at 252. Whereas the same physical injury could be inflicted intentionally or accidentally, a false arrest is never merely negligent. The Eighth Circuit reached the same conclusion with respect to another purely intentional tort, holding in *Beanland v. Chicago, Rock Island and Pacific R.R. Co.,* 480 F.2d 109, 113 (8th Cir.1973), that a wrongful discharge is not cognizable under F.E.L.A. *See also Sharkey v. Penn Central Transportation Co.,* 493 F.2d 685 (2d Cir.1974).

The District of Columbia Circuit determined otherwise in *Slaughter v. Atlantic Coast Line R.R. Co.,* 302 F.2d 912 (D.C.Cir. 1962). The Court agreed that only an intentional tort which "inflicts bodily injury" is negligent within the meaning of F.E. L.A., but held that "[f]alse arrest, since it involves an assault, comes within this category." 302 F.2d at 915.

 Even under the *Slaughter* rationale, plaintiff's allegation of malicious prosecution would fail to state a claim under F.E.L.A. Malicious prosecution does not "involve an assault" or otherwise cause physical injury. With all due respect, however, the Court is unpersuaded by *Slaughter. Jamison* expanded the scope of "negligence" under F.E.L.A. in order to effectuate the Act's central purpose of removing legal obstacles to the compensation of employees who are physically injured or killed at work. *Slaughter* goes beyond the rationale of *Jamison* in extending F.E.L.A. to false arrest merely because the tort, in a formal sense, "involves an assault." A due regard for principles of *stare decisis* resolves any lingering doubt. While our Court of Appeals has not yet spoken on this question, this Court has previously addressed the issue, and Judge Levet, rejecting *Slaughter,* held that false arrest and malicious prosecution are not actionable under F.E.L.A. *Brady v. Penn Central*

*Transportation Co.,* 406 F.Supp. 1239 (S.D.N.Y.1975). Accordingly, plaintiff's F.E.L.A. claim is dismissed.

*Conclusion*

Defendant's motion to dismiss the complaint is granted. Plaintiff may file an amended complaint repleading his cause of action for malicious prosecution and his claim for punitive damages on or before March 28, 1984.

IT IS SO ORDERED.

---

1. *Forgione* was decided under the Jones Act, 46 U.S.C. § 688, but the standard of negligence in that Act is identical to that in F.E.L.A.