OPINION OF THE COURT
Peter Dounias, J.
On September 10, 1982, a temporary order of protection was *425 issued by the Honorable Gerard D’Emilio, District Court Judge, which ordered Steven Jankowiak to, “Stay away from the home, school, business, or place of employment of Donald McAllister * * * [and] refrain from harassing, intimidating, threatening or otherwise interfering with Donald McAllister”. Donald McAllister claimed that on September 22, 1982, Steven Jankowiak violated this order of protection. As a result of the alleged violation, Mr. Jankowiak was charged with criminal contempt in the second degree. The case was tried in District Court, Suffolk County, and Steven Jankowiak was acquitted. Thereafter, Mr. Jankowiak, the plaintiff herein, commenced this action against Donald McAllister for malicious prosecution. Mr. McAllister now moves for summary judgment to dismiss the plaintiff’s complaint on several grounds.
In order to state a cause of action for malicious prosecution, a plaintiff must allege: (1) the commencement of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused plaintiff, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice on the part of the defendant in commencing the criminal proceeding. (Doles v City of New York, 91 AD2d 1056 [2d Dept 1983].) The defendant first argues that the third element of a malicious prosecution action has not been met, and that probable cause for the criminal proceeding existed. He bases this argument on the fact that, upon the conclusion of the People’s case in the criminal contempt action against Steven Jankowiak, Mr. Jankowiak’s attorney moved to dismiss the action for failure to prove a prima facie case. The motion was denied and the trial continued. The defendant alleges that the denial of the motion to dismiss in the criminal contempt action amounts to a finding by the Judge of prima facie probable cause. The defendant claims that the issue of probable cause has already been adjudicated and, therefore, the malicious prosecution action is barred by collateral estoppel.
“The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party * * * What is controlling is the identity of the issue which has necessarily been decided in the prior action or proceeding.” (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984].) This court has found numerous malicious prosecution cases that *426 have failed because of a showing of probable cause based upon a determination made in an earlier proceeding. For example, the indictment and holding of the plaintiff for the Grand Jury, who later sued for malicious prosecution, created a presumption of probable cause. (Murray v Long Is. R. R. Co., 35 AD2d 579 [2d Dept 1970].) Also, "a conviction which survives appeal would constitute conclusive evidence of probable cause of initiating a criminal prosecution, and would therefore be fatal to the maintenance of a cause of action for malicious prosecution”. (Whitmore v City of New York, 80 AD2d 638, 639 [2d Dept 1981].) And, finally, "[t]he holding of the accused by a magistrate after an examination into the facts establishes prima facie probable cause for the prosecution.” (Graham v Buffalo Gen. Laundries Corp., 261 NY 165, 167 [1933].)
The parties in this action have failed to present to the court, and the court’s own research has not revealed a New York case specifically dealing with the application of collateral estoppel to the issue of probable cause based on a denial of a motion to dismiss. However, after due consideration and analyzation of the principles of law concerning malicious prosecution, collateral estoppel, probable cause and motions to dismiss, as well as case law from other jurisdictions, the court finds the defendant’s argument on this issue to be unpersuasive.
Pursuant to CPL article 290, a defendant may move at the conclusion of the People’s case to dismiss the charges upon the ground that the trial evidence is not legally sufficient to establish the offense charged. " 'Legally sufficient evidence’ means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof’. (CPL 70.10 [1]; emphasis added.) Therefore, on a motion to dismiss, a Judge making such determination is obliged to accept all the facts presented and conclusions drawn therefrom favorable to the State. It is not a neutral and impartial finding of probable cause. It reflects only a determination that the State has legally sufficient evidence for the case to continue.
In a Florida case dealing with a provision of Florida’s Rules of Criminal Procedure, entitling a motion for a judgment of acquittal, the court held that a denial of such motion at the conclusion of the State’s case did not create a presumption of probable cause so as to bar a later action for malicious prosecution. (Pinkerton v Edwards, 425 So 2d 147 [Fla Dist Ct App 1983].) Florida’s motion for a judgment of acquittal is a *427 procedural device similar to New York’s motion for trial order of dismissal. The court stated, "in our view, a motion for a judgment of acquittal does not present the issue of lack of probable cause. Further, the posture of the case at that juncture constrains the judge from making an objective and impartial probable cause determination”. (Pinkerton v Edwards, supra, p 150.) The court further distinguished a denial of a motion for acquittal from situations where a magistrate or Grand Jury makes an independent and neutral probable cause ruling. In those situations, the magistrate or the Grand Jury are not confined to accept the evidence most favorable to the State, nor are they "precluded from evaluating the probative value and credibility of witnesses, and weighing evidence adduced by the accused”. (Supra, p 150.)
Inasmuch as a denial of a motion to dismiss is not a finding of probable cause, there is no identicality of issue as to probable cause, needed for the application of the doctrine of collateral estoppel. The court also notes that the defendant, in his memorandum of law, alludes to the fact that the plaintiff was held for trial on the charge of criminal contempt. The defendant claims that this holding for trial is sufficient to establish prima facie evidence of probable cause. However, such is true only when there has been an examination into the facts by a magistrate. (See, Peers v State of New York, 6 Misc 2d 779 [Ct Cl 1957]; see also, 36 NY Jur, Malicious Prosecution, § 37.)
The defendant, Donald McAllister, next states that there is a dispute as to the facts concerning the alleged violation of the protective order. Nevertheless, he argues that even if Steven Jankowiak’s version of the facts is accurate, Mr. Jankowiak would still be in violation of the protective order. Steven Jankowiak claims that Donald McAllister followed him and stopped him and that Donald McAllister threatened him and spit in his face. Mr. McAllister claims that even if this were true, since Steven Jankowiak did not drive away from him, Mr. Jankowiak violated the order. The defendant thus claims that because there was a violation, he had probable cause to initiate the action for criminal contempt.
In an action for malicious prosecution, "it is always open to the defendant to show that the plaintiff was in fact guilty of the offense with which he was charged.” (Prosser, Torts, at 840 [4th ed].) However, the court finds that the defendant Donald McAllister has failed to prove as a matter of law that Steven Jankowiak was in violation of the order of protection; *428 the defendant instead has created a triable issue of fact. The protective order was issued to shield Donald McAllister from harassment, intimidation, and threats, and was not issued to be used as a sword for him to harass, intimidate, and threaten others. (Cf. Downing v Downing, 31 AD2d 913 [1st Dept 1969], where the court refused to grant a wife an order of protection when she was the initiator of altercation.) It would be contrary to the intent and spirit of the protective order to find Steven Jankowiak in violation because he did not run away, if in fact Donald McAllister was the aggressor. Therefore, the defendant in his own affidavit raises questions of fact as to whether the plaintiff violated the order, and whether the defendant had probable cause to initiate the action. Once there is an arguable issue of fact, a motion for summary judgment must be denied. "Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue of fact”. (Simon v Wohl, 93 AD2d 818 [2d Dept 1983].)
The defendant’s final argument in support of his motion for summary judgment is that the plaintiff’s action for malicious prosecution has no merit since the plaintiff alleged no injuries in his bill of particulars. However, although no injuries were alleged in the bill of particulars, injuries and damages were alleged in the plaintiff’s verified complaint. "Technically a bill of particulars is not a pleading, but rather an expansion of its contents.” (Siegel, NY Prac § 238, at 292 [1978].) If the defendant was dissatisfied with the bill of particulars that he received from the plaintiff, his remedy was a motion to preclude. A motion for such relief should have been made within 10 days after the receipt of the bill (CPLR 3042 [d]), which, in this case, was on or about August 8, 1983. Additionally, the court notes that the demand for the bill of particulars is the typical form used for negligence actions. The practice of serving "boiler plate” demands for bills of particulars, containing many paragraphs bearing no relationship to the causes of action pleaded, has been disapproved by courts. (Johnson v Charow, 63 AD2d 668 [2d Dept 1978].)
Accordingly, the defendant’s motion for summary judgment is denied.