(September 14, 1987)

■ RENEE LANDSMAN, Appellant, v GERALD MOSS, Respondent.—In an action to recover damages for malicious prosecution, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Winick, J.), entered December 29, 1986, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the motion is denied, and the matter is remitted to the

Supreme Court, Nassau County, for a trial on the merits, in accordance herewith.

The essential elements of an action to recover damages for malicious prosecution are (1) the initiation of an action, (2) its termination favorably to the plaintiff, (3) lack of probable cause, and (4) malice *(Colon v City of New York,* 60 NY2d 78, 82, *rearg denied* 61 NY2d 670; *Martin v City of Albany,* 42 NY2d 13, 16; *Broughton v State of New York,* 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929). It is the element of probable cause which concerns us on this appeal.

The instant action arises from certain misdemeanor assault charges proffered against the plaintiff, of which she was acquitted, after a jury trial. The defendant maintains that the criminal trial court's denial of the plaintiff's motion to dismiss the assault charges against her pursuant to CPL 290.10 raised a presumption that the defendant had probable cause to initiate the criminal proceedings. Under this reasoning, the complaint should be dismissed in view of the absence of an essential element of the cause of action to recover damages for malicious prosecution, i.e., lack of probable cause for the prosecution *(see, Doles v City of New York,* 91 AD2d 1056, 1057). We disagree.

While it is clearly the burden of the plaintiff in a malicious prosecution action to supply facts to overcome the presumption of probable cause arising from a judicial determination *(Hornstein v Wolf,* 109 AD2d 129, 131-133, *affd* 67 NY2d 721), in the instant case, denial in the underlying criminal proceeding of the plaintiff's motion to dismiss did not give rise to any presumptions vis-à-vis probable cause. It is well settled that a Grand Jury indictment creates a presumption of probable cause *(Colon v City of New York, supra,* at 82; *Lee v City of Mount Vernon,* 49 NY2d 1041; *Boose v City of Rochester,* 71 AD2d 59, 69). Moreover, a determination by a Magistrate after a preliminary hearing to sustain a complaint and deny a plaintiff's motion to dismiss a pending criminal charge establishes a prima facie case of probable cause for the prosecution *(see, Gisondi v Town of Harrison,* 120 AD2d 48, 53; *Testa v Federated Dept. Stores,* 118 AD2d 696, 697). Such a determination has been viewed as the equivalent of a finding that the charge is supported by probable cause and, accordingly, raises a presumption which the plaintiff must rebut in order to maintain a cause of action sounding in malicious prosecution *(see, Graham v Buffalo Gen. Laundries Corp.,* 261 NY 165). This is attributable to the fact that both a determination to

hold a defendant for the action of a Grand Jury after a preliminary hearing upon a felony complaint, as well as the Grand Jury indictment itself, are predicated upon a finding of reasonable cause to believe that the defendant committed the subject offense (CPL 180.70 [1]; 190.65 [1]). In contrast, the standard for the issuance of a trial order of dismissal is that the trial evidence was not legally sufficient to establish the offense charged or any lesser included offense (CPL 290.10 [1]). Evidence may be legally sufficient to support a charge although it does not provide reasonable cause to believe that the defendant committed the crime charged *(People v Warner-Lambert Co.,* 51 NY2d 295, 299, *cert denied* 450 US 1031; *People v Holmes,* 118 AD2d 869, 870; *People v Adorno,* 112 AD2d 308, 309; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 70.10, at 705-706). Accordingly, while a Grand Jury indictment or a decision by a Magistrate to hold an accused after a preliminary hearing raises a presumption of probable cause in a subsequent malicious prosecution action, the denial by a trial court of a trial order of dismissal does not *(see, Jankowiak v McAllister,* 132 Misc 2d 424, 426-427; *see also, Pinkerton v Edwards,* 425 So 2d 147 [Fla App]).

Under the circumstances, the evidentiary submissions by the plaintiff were clearly adequate to raise a question of fact as to whether the defendant initiated the underlying criminal action maliciously and without probable cause *(see, Munoz v City of New York,* 18 NY2d 6, 12). The granting of summary judgment to the defendant was thus erroneous *(see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 341; *Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 261), and this matter must be remitted to the Supreme Court, Nassau County, for a trial on the merits. Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.