Frank X. LoSACCO

v.

CITY OF MIDDLETOWN; Sebastian J. Garafalo, Individually and in his Official Capacity as Mayor of the City of Middletown; George Aylward, Individually and in his Official Capacity as Chief of Police of the City of Middletown; Joseph Bibisi, Individually and in his Official Capacity as Deputy Chief of the Police of the City of Middletown; Redford Ward, Individually and in his Official Capacity as Police Sergeant for the City of Middletown; and John Chowaniec, Individually and in his Official Capacity as Police Patrolman for the City of Middletown.

Civ. No. H–89–825(AHN).

United States District Court,
D. Connecticut.

Aug. 21, 1990.

Frank LoSacco, Middletown, Conn., pro se.

Carl R. Ficks, Jr., Edward T. Lynch, Jr., Eisenberg, Anderson, Michalik & Lynch, New Britain, Conn., and Trina A. Solecki, City Atty., Middletown, Conn., for defendants.

### RULING ON DEFENDANTS' MOTION TO DISMISS

NEVAS, District Judge.

The pro se plaintiff in this case, Frank LoSacco ("LoSacco"), brought suit in December 1989, pursuant to 42 U.S.C. Section 1983 and Connecticut common law, against two officers of the Middletown Police Department, the City of Middletown, its former Mayor, the Chief of Police and the Deputy Chief of Police alleging that he had been falsely arrested. Now pending is the defendants' motion to dismiss plaintiff's six count complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim on which relief can be granted. The court construes defendants' 12(b)(6) motion to dismiss as a Rule 12(c), Fed.R.Civ.P., motion for judgment on the pleadings. For the reasons that follow, the motion to dismiss is denied as to counts one, two and three and granted as to counts four, five and six.

## I.

### A.

Rule 12(c), Fed.R.Civ.P., provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Although the defendants designated their motion as one for dismissal under Rule 12(b)(6), the motion was not filed until after the defendants had filed an answer to the complaint. Ordinarily, the defense of failure to state a claim upon which relief can be granted is asserted either in a responsive pleading or by motion prior to a responsive pleading. Rule 12(b), Fed.R. Civ.P. When a defendant fails to avail itself of either of these procedures, Rule 12(h)(2) permits the defense to be raised in a motion for judgment on the pleadings pursuant to Rule 12(c). However, even though the 12(b)(6) defense is asserted through the procedural device of a 12(c) motion, the standards employed in determining the motion will be the same as if the defense had been raised prior to the closing of the pleadings. 5 C. Wright and A. Miller, *Federal Practice and Procedure: Civil* Section 1367, at 688–89 (1969). *United States v. Walker,* 835 F.2d 983 (2d Cir.1987); *Shapiro v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 353 F.Supp. 264, 268 (S.D.N.Y.1972).

A Rule 12(c) motion may be granted "where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642 (2d Cir.1988) (citation omitted). When passing on a motion for judgment on the pleadings, a court must accept as true all well-pleaded factual allegations in the complaint and refrain from dismissing the action unless the nonmovant can prove no set of facts that would entitle it to relief. *Bloor v. Carro, Spanbock, Londin, Rodman & Fass,* 754 F.2d 57, 61 (2d Cir.1985). A court is under a duty to determine whether the plaintiff has a valid claim under any possible theory. The pleader, however, must set forth sufficient information to outline the elements of the claim or to permit inferences to be drawn that these elements exist. As with a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account. Dismissal is justified only when the allegations of the complaint itself clearly demonstrate that plaintiff does not have a claim. However, the court need not accept every allegation in the complaint as true in considering its sufficiency. Courts have used varying language to draw the line between what is admitted on the motion and what is not. Courts have said that they accept the truth of "facts" but not "legal conclusions." 5 C. Wright and A. Miller, *Federal Practice and Procedure: Civil* Section 1357 (1969).

### B.

Against this backdrop, LoSacco's complaint sketches the following narrative. On the afternoon of September 2, 1989, Frank LoSacco was allegedly stabbed, robbed, and rendered unconscious by an assailant, James Smith ("Smith"), while attempting to pick up his ten year old son, Kevin LoSacco ("Kevin"), for the Labor Day weekend at the residence of his son's mother, Debra Parmalee ("Parmalee"), where Smith was living. Upon regaining consciousness, plaintiff allegedly drove himself to the hospital where he received medical treatment and surgery. Smith, who called the police after the incident, was arrested for the stabbing and charged with first-degree assault.

Plaintiff alleges that as he lay bleeding on a table in the emergency room of the hospital, awaiting treatment, the defendant

John Chowaniec, a police officer of the Middletown police force, read LoSacco a Miranda warning, had plaintiff initial a document indicating that the Miranda warning had been read, photographed plaintiff's stab wound, took his blood-soaked clothes into police custody, and questioned plaintiff about the incident, tape-recording the interview. (Complaint, count one, ¶¶ 17–18). LoSacco told Chowaniec in the interview that he had not "touched or threatened" his assailant prior to being stabbed by him (Complaint, count one, ¶ 14) and asked Chowaniec whether the $500 he had just withdrawn from the bank to take his son to Boston and Fenway Park for the weekend was still in his trousers. (Complaint, count one, ¶ 19).

Three days after the incident, on September 5, 1989, Chowaniec signed a six-page sworn affidavit for an application for a warrant for the arrest of the plaintiff, which was executed on October 25, 1989. The plaintiff alleges that in his affidavit Chowaniec made intentional misrepresentations which "substantially and significantly, wrongfully influenced the judicial authority to execute the warrant for the plaintiff's arrest." (Complaint, count one, ¶ 41).

Chowaniec based the representations in his affidavit on an investigation which he made of the scene of the incident immediately after the stabbing; on a return visit the following day; on an interview with LoSacco in the emergency room; and on an interview with Smith, who claimed he stabbed LoSacco in self-defense. As a result of this investigation, Chowaniec determined that there was probable cause to arrest LoSacco for assault in the third degree in violation of Conn.Gen.Stat. § 53a–61.

Following the incident, Chowaniec, searching for signs of a scuffle, had examined the car which was parked in the driveway and found what seemed to be footprints on the hood. The next day Chowaniec allegedly requested and received from Debra Parmalee, LoSacco's son's mother, a pair of shoes which she told Chowaniec that Smith had been wearing on September 2, 1989, when he stabbed the plaintiff. Chowaniec determined that these shoes matched some of the footprints on the hood of the car. In his affidavit Chowaniec stated that "it is unknown if the other shoe imprints are those of LoSaccos [sic] as no match has been made as of this affidavit." Chowaniec Affidavit, p. 5, Exhibit A of the Complaint ("Affidavit").[1] LoSacco alleges that Chowaniec knew at the time of the affidavit that the footprints on the hood did not match the shoes LoSacco had been wearing at the incident. (Complaint, count one, ¶¶ 25–28). Thus, although aware that LoSacco's footprints were not on the hood of the car, Chowaniec allegedly gave a misleading impression to the judicial authorities that the footprints might have been LoSacco's.

Chowaniec also interviewed James Smith, who had allegedly stabbed LoSacco. Affidavit, p. 5. According to the affidavit, Smith told Chowaniec that LoSacco had harassed him for the preceding eight or nine days and wanted to have him evicted from his son's mother's residence. Smith claimed that he received about 25 telephone calls on the day of the incident from LoSacco, who asked to speak to his son and shouted obscenities at Smith. According to Smith, LoSacco knew that his son was not at home on that day, that his son spent every weekend with his aunt in New Britain, and that his son had told LoSacco that he would be away for the Labor Day weekend. Nevertheless, LoSacco came to the house asking to see his son. Smith refused to let LoSacco in and told him to go away or he would call the police. LoSacco then banged on the front door, according to Smith, screaming obscenities. Smith tried to get away in the car parked in the driveway, but LoSacco allegedly shoved Smith, who was of slight build and a cancer victim, against the car and then picked him up and threw him onto the hood. Smith claimed that he stabbed LoSacco in self-de-

---

**1.** The Chowaniec affidavit was appended to the Complaint as an exhibit and so can be considered by the court along with the allegations in the Complaint on a motion to dismiss for failure to state a claim upon which relief can be granted.

fense because he was sure that LoSacco meant to do him harm, that LoSacco had injured Smith's left leg by scraping it against the car, and that Smith feared that LoSacco was about to hit him in the groin. LoSacco alleges in his complaint that Chowaniec knew but intentionally failed to disclose in his affidavit that many of Smith's statements were untrue. For example, LoSacco claims that Chowaniec knew that LoSacco had joint custody of his son and that his custody order permitted him to see his son every other weekend, and specifically Labor Day weekend (Complaint, count one, ¶¶ 30–32) and that Chowaniec received a statement signed by Kevin LoSacco on September 13, but failed to amend his affidavit, that the plaintiff did not know that his son would be away on September 2, 1989. (Complaint, count one, ¶ 34). LoSacco also alleges that Chowaniec knew but did not disclose in his affidavit that Smith had a criminal record (Complaint, count one, ¶ 40) and that Chowaniec's omission of the reference to the $500 stolen from him during the incident was intended to mislead the judicial authority so as to procure judicial approval of the arrest warrant. (Complaint, count one, ¶ 61).[2]

## II.

### A. *Count One*

◼ In their motion to dismiss LoSacco's false arrest claim in count one, the defendants argue that since LoSacco's arrest was based on a warrant, there are no grounds for false arrest. "It is well settled that an arrest made pursuant to a valid warrant issued by a court of competent jurisdiction is privileged and cannot support an action for false arrest." *Dirienzo v. United States*, 690 F.Supp. 1149, 1154 (D.Conn.1988) (Dorsey, J.); *Restatement, 2d Torts*, Section 35, comment a (1965). The defendants contend that since the plaintiff here admits that he was arrested pursuant to a warrant, a necessary element

of his section 1983 claim is absent and the plaintiff fails to state a claim upon which relief can be granted.

◼ The question raised by LoSacco's complaint, however, which the defendants fail to address, is not whether there was a warrant but whether the warrant was valid, i.e., whether there was probable cause for the arrest. A magistrate's finding of probable cause in issuing a warrant creates a presumption that probable cause existed, which is rebuttable only where the plaintiff establishes fraud, perjury or the misrepresentation or falsification of evidence. *Dirienzo*, 690 F.Supp. at 1156 n. 6; *Broughton v. State*, 37 N.Y.2d 451, 373 N.Y.S.2d 87, 335 N.E.2d 310, 313, *cert. denied*, 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975); *McSorley v. Consolidated Rail Corp.*, 581 F.Supp. 642, 643–644 (S.D.N.Y. 1984). It is well established that where probable cause exists for an arrest, there is no violation of the fourth amendment and thus no violation of constitutional rights on which to ground an action pursuant to section 1983. However, the second circuit has held that "a deprivation of liberty without reasonable cause is a section 1983 violation as to which the defendant bears the burden of proving reasonableness and a subjective good faith belief in the arrest is not enough to escape 1983 liability." *Raysor v. Port Authority of New York and New Jersey*, 768 F.2d 34, 40 (2d Cir.1985), *cert. denied*, 475 U.S. 1027, 106 S.Ct. 1227, 89 L.Ed.2d 337 (1986). Thus, if a police officer in his affidavit applying for an arrest warrant intentionally supplies the judicial authorities with untrue or deliberately misleading facts, the warrant, although facially valid, would lack probable cause. The existence of a facially valid warrant is not necessarily sufficient to find that the officer acted in good faith. *Farmer v. Lawson*, 510 F.Supp. 91, 96 (N.D.Ga.1981).

---

**2.** LoSacco also claims that Smith's charge that LoSacco scraped his left leg against the car was untrue because Smith's right leg had similar injuries when he was examined at the station after the incident which were caused by needle marks from drug use (Plaintiff's Response to

Defendants' Reply to Plaintiff's Objection to Motion to Dismiss, at 4, filing 62); and that the defendant knew that Smith's footprints were on the hood because a few days before the incident Smith had been replacing the car's fender. *Id.* at 5.

In *Dirienzo*, Judge Dorsey noted that "[o]nly a knowing, intentional, or reckless omission or fabrication of material information in the application would invalidate the warrant and generate tort liability for the subsequent arrest." 690 F.Supp. at 1154. There, the plaintiff did not claim that any omission from the warrant application was intentional or even reckless on the part of the agents. However, the *Dirienzo* facts are distinguishable from the facts in this case in that LoSacco's complaint is replete with allegations of Chowaniec's intentional failure to disclose facts in the warrant application which would have corroborated his version of the incident rather than that of Smith. Indeed, the heart of LoSacco's claim is that Chowaniec failed to disclose facts in his affidavit concerning Smith's statement to the Middletown police which he knew or should have known were untrue in order to mislead the judicial authorities to issue the warrant for LoSacco's arrest. Thus the instant case fits the exception noted in *Dirienzo*. *See also Baskin v. Parker*, 602 F.2d 1205, 1207 (5th Cir.1979) (where officer knew or should have known that information supplied was based on personal grievances, he had a duty to check the allegations for distortion, misconception or outright untruth); *Guerro v. Mulhearn*, 498 F.2d 1249, 1255 (1st Cir.1974) (a search warrant and wiretap obtained on the basis of perjured testimony, and in bad faith, was grounds for section 1983 liability); *Benjamin v. United States*, 554 F.Supp. 82, 86 (E.D.N.Y.1982) ("the police cannot insulate themselves from liability for false arrest by obtaining a warrant with perjurious affidavits").

LoSacco's complaint questions the validity of the warrant for his arrest by claiming that Chowaniec lacked probable cause for the affidavit for the warrant application. LoSacco's complaint specifically alleges that Chowaniec intentionally misled the judicial authorities so as to procure an arrest warrant. Since for the purposes of a 12(b)(6) or 12(c) motion to dismiss the allegations in the complaint must be taken as true, the defendants' motion to dismiss count one must be denied. When the existence of probable cause is disputed, the de-

termination as to whether there was probable cause is an issue of fact for the jury. *Rosario v. Amalgamated Ladies' Garment Cutters' Union, Local 10, I.L.G.W.U.*, 605 F.2d 1228, 1248 (2d Cir.1979) (where record reveals a sharp dispute as to whether there was probable cause for an arrest, the probable cause determination should be submitted to the jury), *cert. denied*, 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980); *Farmer v. Lawson*, 510 F.Supp. 91, 96 (N.D.Ga.1981) ("The state of mind of the defendants in seeking a ... warrant with inadequate cause, and in executing that warrant are questions which must be decided at trial").

### B. *Count Two*

In count two, plaintiff alleges a conspiracy among the defendants to deprive him of his constitutional rights by a false arrest. The defendants argue that because the false arrest claim is invalid, so too is the conspiracy claim, since the conspiracy claim depends on the false arrest claim. However, since the plaintiff has alleged sufficient facts to state a false arrest claim under section 1983, the conspiracy claim is not necessarily invalid. Moreover, plaintiff has alleged sufficient facts in count two to state a claim for conspiracy, i.e., that the defendants failed to take corrective action (¶ 67C), engaged in a coverup of the omissions and misrepresentations in the affidavit (¶¶ 67D–E), and refused to investigate the theft of $500 reported by LoSacco (¶ 67K). Since the allegations in the complaint must for the purposes of a Rule 12(b)(6) or 12(c) motion be construed in favor of the nonmoving party, defendant's motion to dismiss for failure to state a claim as to count two is denied.

### C. *Count Three*

In count three, plaintiff alleges that the defendants committed the pendent state claim of defamation by publishing a newspaper article based on Smith's version of the incident rather than LoSacco's and failing to retract the story.

In their motion to dismiss, the defendants argue that if plaintiff's section

1983 claim is dismissed, so too should the pendent state claim be dismissed. However, count one for false arrest is not dismissed. Absent a showing of prejudice, inefficiency, jury confusion or needless consideration of uncertain issues of state law, a presumption exists in favor of exercising pendent jurisdiction. *Miller v. Lovett,* 879 F.2d 1066, 1071–72 (2d Cir.1989); *Town of West Hartford v. Operation Rescue,* 726 F.Supp. 371, 376 (D.Conn.1989) (Dorsey, J.).

While defendants argue correctly that the right to be free from unwanted publicity is not protected by the Constitution and because it is not a federal right, a section 1983 action will not lie for its invasion, citing *Reilly v. Leonard,* 459 F.Supp. 291, 300 (D.Conn.1978) (Clarie, J.), that argument is irrelevant because, as the defendants also state, count three of the complaint is a pendent claim and as such is governed by state rather than federal law. Therefore, the court must determine whether plaintiff has stated a claim for defamation under Connecticut tort law.

■ The Connecticut libel statute, Conn. Gen.Stat. § 52–237, requires plaintiffs to prove either malice in fact or a refusal by the defendant to retract the libelous charge after a request in writing. Here, plaintiff alleges both elements of a libel claim: 1) that defendants published Smith's version of the incident with malice in fact (Complaint, count three, ¶ 58) and 2) that plaintiff requested a retraction in writing (Complaint, count two, ¶ 67G). Construing plaintiff's allegations in the light most favorable to the nonmoving party, plaintiff has stated a claim for defamation. Defendants' motion to dismiss count three is therefore denied.

### D. *Counts Four and Five*

In counts four and five, plaintiff realleges the false arrest claim in count one. Both counts contain allegations relating to the character of James Smith, LoSacco's alleged assailant. Plaintiff claims that the Middletown police had reason to know that Smith was unreliable and therefore they should not have arrested LoSacco. Since this court has determined that LoSacco has stated a claim for false arrest in count one, the claims for false arrest in counts four and five are duplicative and are therefore dismissed.

### E. *Count Six*

■ In count six, plaintiff attempts to state a claim on behalf of Debra Parmalee against the defendants for their failure to act upon a complaint made to the Middletown police against Smith. In *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), the Supreme Court stated that a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* at 499, 95 S.Ct. at 2205. Third parties are considered "the best proponents of their own rights." *Singleton v. Wulff,* 428 U.S. 106, 113–14, 96 S.Ct. 2868, 2873–74, 49 L.Ed.2d 826 (1976). Indeed, third parties either may "not wish to assert them, or will be able to enjoy them regardless of whether the incourt litigant is successful or not." *Id.* Count six is thus dismissed because plaintiff has not therein stated a claim upon which relief can be granted. The court lacks jurisdiction to adjudicate a case in which a plaintiff, by attempting to litigate another person's legal rights, lacks standing. *Allen v. Wright,* 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). However, although plaintiff cannot assert the rights of Debra Parmalee as part of his complaint, he may use the facts alleged in count six as evidence in his proof of count one.

### *Conclusion*

For the foregoing reasons, the defendants' motion to dismiss is denied as to counts one two and three because the plaintiff has alleged sufficient facts to state a claim pursuant to Rules 12(b)(6) and 12(c) upon which relief can be granted for false arrest, conspiracy and defamation. Defendants' motion as to counts four and five is granted because those counts are duplicative of the false arrest claim in count one. Defendants' motion as to count six is granted because the court lacks subject matter jurisdiction and the plaintiff lacks

standing to assert a claim on behalf of a third party.

SO ORDERED.