■ RENEE LANDSMAN, Appellant, v GERALD MOSS, Respondent.—In an action, inter alia, to recover damages for malicious prosecution, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Morrison, J.), entered June 1, 1990, which sua sponte determined that the contingent fee retainer agreement between the plaintiff and her attorneys violated Code of Professional Responsibility DR 2-106 (C) (1) and 5-103 (A) (2), disqualified the plaintiff's counsel, and

directed her to retain new counsel and (2) an order of the same court, entered July 25, 1990, which denied the plaintiff's motion pursuant to CPLR 2221 (a) to vacate the *sua sponte* order.

Ordered that the appeal from the order entered June 1, 1990, is dismissed, without costs or disbursements, as no appeal as of right lies from an order entered *sua sponte* which does not determine a motion made on notice *(see,* CPLR 5701 [a] [2]; *Kokalari v Kokalari,* 166 AD2d 418); and it is further,

Ordered that the order entered July 25, 1990, is modified by (1) deleting the provision thereof which found that the contingent fee retainer agreement violated Code of Professional Responsibility DR 2-106 (C) (1) and (2) deleting the provision thereof which disqualified the plaintiff's counsel, and by substituting therefor a provision striking the retainer agreement as violative of Code of Professional Responsibility DR 5-103 (A) (2); as so modified, the order is affirmed, without costs or disbursements.

The facts underlying the instant malicious prosecution action are set forth in the decision and order made upon the plaintiff's prior appeal *(see, Landsman v Moss,* 133 AD2d 359). Pertinent to this appeal, the plaintiff and her attorneys, who have represented her in all relevant criminal and civil actions, entered into a contingent fee retainer agreement which provided, *inter alia,* for the attorneys to receive "the entire net recovery [from the malicious prosecution action] up to $12,000". Thereafter, any recovery in excess of $12,000 would be split two-thirds payable to the plaintiff and one-third payable to her attorneys. This agreement was intended, by the parties, to compensate the plaintiff's attorneys for their unpaid fees earned in defense of the assault charge unsuccessfully advanced by the defendant in the prior criminal action. When the parties appeared for trial of the malicious prosecution action, the court, *sua sponte,* determined that the above provisions of the contingent fee retainer agreement violated Code of Professional Responsibility DR 2-106 and 5-103 (A) (2). The court thus disqualified the plaintiff's attorneys and directed her to retain new counsel.

Contrary to the determination of the Supreme Court, we find that the contingent fee retainer agreement is not violative of Code of Professional Responsibility DR 2-106 (C) (1). That disciplinary rule prohibits the use of contingent fee agreements to pay for representation of a defendant in a criminal action *(see, e.g., People v Winkler,* 71 NY2d 592). This rule is predicated, *inter alia,* upon a public policy disfavoring

such agreements because they carry the "inherent danger of corrupting justice" *(People v Winkler,* 128 AD2d 153, 158, *revd on other grounds* 71 NY2d 592, *supra).* Furthermore, criminal actions result in no res from which the fee is to be paid *(see,* Code of Professional Responsibility EC 2-20). In the instant case, it is clear that these policy considerations are inapposite. Although the contingent fee was intended to compensate the plaintiff's attorneys for their successful defense of the prior criminal action, the fee itself was contingent only upon success in the civil action. The criminal action had been concluded prior to the time the retainer agreement was executed and as such, there was no danger that it presented a conflict of interest which might jeopardize the plaintiff's right to the effective assistance of counsel *(see,* NY St Bar Assn Comm on Professional Ethics Opn No. 412, Sept. 11, 1975). Nor was there any danger that justice would be corrupted. Accordingly, we find that the contingent fee retainer in the civil action, notwithstanding that it was providing a source of compensation for prior services rendered in a criminal action, does not constitute a contingent fee agreement in a criminal action in violation of Code of Professional Responsibility DR 2-106 (C) (1).

The court was, however, correct to hold that the agreement violated Code of Professional Responsibility DR 5-103 (A) (2) as it caused the plaintiff's attorneys to acquire too great a proprietary interest in the plaintiff's malicious prosecution action. A lawyer may contract with a client for a reasonable contingent fee. The reasonableness of such a fee agreement is within the authority of the court to review *(Gair v Peck,* 6 NY2d 97; *Beatie v DeLong,* 164 AD2d 104). The agreement at bar is not reasonable because it effectively assigns to the plaintiff's attorneys 100% of the plaintiff's recovery up to $12,000, thereby divesting the plaintiff of her interest in the action. Should the plaintiff recover $12,000 or less, under the terms of the retainer she will not realize any net recovery. Moreover, under such an agreement there is a genuine risk that a conflict of interest could arise which might affect the attorneys' ability to zealously represent the interests of their client. Accordingly, we agree with the Supreme Court's determination that the retainer agreement violates Code of Professional Responsibility DR 5-103 (A) since it confers upon the plaintiff's attorneys a potentially exclusive proprietary interest in the client's case.

In view of the lengthy history of this action, we further conclude that it was improvident of the court to disqualify the

plaintiff's counsel and direct her to retain new counsel. This would serve only to cause greater delay and expense to the plaintiff. Present counsel may continue to prosecute this action on the plaintiff's behalf under a new retainer agreement which shall not contain any similarly objectionable contingent fee provisions. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.