McQueen v City of New York (2022 NY Slip Op 05662)

McQueen v City of New York

2022 NY Slip Op 05662

Decided on October 11, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 11, 2022

Before: Gische, J.P., Kern, Gesmer, Rodriguez, Pitt, JJ. 

Index No. 32872/18E Appeal No. 16390 Case No. 2021-04428 

[*1]Pia McQueen, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents, Other New York City Police Officers Under Docket #2014BX065976 Whose Names Are Not Known At This Time Named Herein as John/Jane Doe I-IV, as it Pertains to the Arrest of December 15, 2014 for an Incident that Allegedly Occurred on June 16, 2012 and No Other, Defendants.

Sim & Depaola, LLP, Bayside (Sang J. Sim of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation counsel, New York (Geoffrey M. Stannard of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered July 20, 2021, which, to the extent appealed from as limited by the briefs, granted so much of the motion of defendants City of New York and Detective Salvator Giardina (collectively defendants) as was to dismiss plaintiff's fifth cause of action for malicious prosecution, so much of her sixth cause of action, pursuant to 42 USC § 1983, as was for false arrest and false imprisonment against Giardina, and her seventh and eighth causes of action for negligent training and negligent hiring and supervision, respectively, against defendants Other New York City Police Officers Under Docket #2014BX065976 Whose Names Are Not Known At This Time, etc. (John Doe defendants), unanimously affirmed, without costs.
New York State common-law claims for false arrest and false imprisonment accrue on the date that the plaintiff is released from custody (see e.g. Palmer v City of New York, 226 AD2d 149, 149 [1st Dept 1996]). However, false arrest and false imprisonment claims brought pursuant to 42 USC § 1983 accrue "once the victim becomes held pursuant to [legal] process — when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution" (Wallace v Kato, 549 US 384, 390 [2007] [internal citations omitted]). In this case, the record discloses that plaintiff was arrested on December 15, 2014, and indicted on December 18, 2014. Her false arrest and false imprisonment claims pursuant to 42 USC § 1983 therefore accrued no later than December 18, 2014. Since those claims are subject to a three-year statute of limitations (see e.g. Higgins v City of New York, 144 AD3d 511, 512 [1st Dept 2016]), the statute of limitations expired by December 18, 2017. Since this action was not commenced until November 9, 2018, Supreme Court correctly dismissed plaintiff's 42 USC § 1983-based false arrest and false imprisonment claims against Giardina as time-barred (see Cruz v City of New York, 148 AD3d 617, 617-618 [1st Dept 2017]).
Plaintiff's negligent training and negligent hiring and supervision claims were also correctly dismissed as time-barred, since those claims, too, accrued on the date of her arrest (see O'Dell v County of Livingston, 174 AD3d 1307, 1309 [4th Dept 2019]; Murray v City of New York, 283 AD2d 560, 561 [2d Dept 2001]), and she neither filed her notice of claim within 90 days thereof (see General Municipal Law § 50-e [1] [a]) nor commenced this action within one year and 90 days thereof (see General Municipal Law § 50-i [1]). In view of the forgoing, we need not reach defendants' alternative argument regarding respondeat superior.
Plaintiff's malicious prosecution claim was also correctly dismissed. "Where there is an indictment, there is a presumption of probable cause. The complaint must therefore allege specific facts to overcome the effect of the indictment" (Smith [*2]v County of Livingston, 69 AD2d 993, 994 [4th Dept 1979]; see generally Colon v City of New York, 60 NY2d 78, 82-83 [1983]). Because the complaint only conclusorily alleges that the prosecution of plaintiff was commenced and maintained with malice, it fails to state a claim for malicious prosecution (see Alexander v Scott, 286 AD2d 692, 693 [2d Dept 2001]; Mondello v Mondello, 161 AD2d 690, 690 [2d Dept 1990]; Hornstein v Wolf, 109 AD2d 129, 132-133 [2d Dept 1985], affd 67 NY2d 721 [1986]; Smith, 69 AD2d at 994).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 11, 2022